UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

OMAR AYALA,

    Petitioner,                                2:17-cv-02093-RFB-VCF

vs.

                                                   **ORDER**

JO GENTRY, *et al.*,

    Respondents.

_____/

In this habeas corpus action, brought pursuant to 28 U.S.C. § 2254 by Omar Ayala, a Nevada prisoner, the Court appointed counsel for Ayala. *See* Order entered August 7, 2017 (ECF No. 4). Counsel -- the Federal Pubic Defender for the District of Nevada (FPD) -- appeared for Ayala on September 6, 2017 (ECF No. 7). The respondents have also appeared (ECF No. 6).

On September 15, 2017, the FPD filed a first amended petition for writ of habeas corpus on Ayala's behalf (ECF No. 8). However, on that same day, along with the first amended petition, the FPD also filed, for Ayala, a motion for leave to file a second amended petition (ECF No. 19). In the motion for leave to amend, the FPD explains that they filed Ayala's first amended petition shortly after their appointment in order to preserve claims from being barred by the statute of limitations; counsel believe that the applicable limitations period ran out on September 18, 2017. *See* Motion for
Leave to File Second Amended Petition (ECF No. 19). The FPD, therefore, request leave to file a

second amended petition in order to more properly plead Ayala's claims. *See id*. Respondents are not opposed to Ayala's motion for leave to file a second amended petition. *See* Response to Motion for Leave to File Second Amended Petition (ECF No. 20).

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. A petitioner may amend his habeas petition at any time with leave of court. *See* Fed. R. Civ. P. 15(2). "The court should freely give leave when justice so requires." *Id*. Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993)). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Courts commonly consider four factors -- the so-called *Foman* factors -- when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Prejudice to the opposing party is the most important of these factors. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd.*, 833 F.2d at 187. Under the circumstances in this case, there is plainly no indication of bad faith or undue delay on the part of Ayala, there is no indication that amendment would be futile, and there will be no prejudice to respondents if Ayala files a second amended petition. The Court will grant the motion for leave to file a second amended petition, and will set a schedule for further proceedings in this action.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to File Second Amended Petition (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the following schedule shall apply to further proceedings in this case:

Second Amended Petition. Petitioner shall file a second amended petition for writ of habeas corpus within 90 days from the date of this order.

Response to Petition. Respondents shall have 60 days, after the second amended petition is filed, to file and serve an answer or other response to the second amended petition.

Reply. Petitioner shall have 45 days following service of an answer to file and serve a reply. Respondents shall thereafter have 30 days following service of a reply to file and serve a response to the reply.

Briefing of Motion to Dismiss. If respondents file a motion to dismiss, petitioner shall have 60 days following service of the motion to file and serve a response to the motion. Respondents shall thereafter have 30 days following service of the response to file and serve a reply.

Discovery. If petitioner wishes to move for leave to conduct discovery, petitioner shall file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for leave to conduct discovery.

Evidentiary Hearing. If petitioner wishes to request an evidentiary hearing, petitioner shall file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required, and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents shall file and

serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

Dated this 24th day of October, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE