UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OMAR AYALA,<br><br>Petitioner,<br>v.<br><br>BRIAN E. WILLIAMS, SR., *et al.*,<br><br>Respondents. | Case No. 2:17-cv-02093-RFB-VCF<br><br>ORDER |

Introduction

This action is a petition for writ of habeas corpus by Nevada prisoner Omar Ayala. The respondents have filed a motion to dismiss Ground 7 of Ayala's second amended habeas petition on the ground that the claim is barred by the statute of limitations and unexhausted in state court. The Court will grant the motion to dismiss, and will dismiss Ground 7 as barred by the statute of limitations. The Court will set a schedule for the respondents to file an answer responding to Ayala's remaining claims.

Background

In its order on Ayala's direct appeal, the Nevada Supreme Court described the factual background of this case as follows:

> Appellant Omar Ayala and his codefendants Angel Perez and Francisco Cruz attended an illegal street race and attempted to rob a car belonging to another group of men, then started shooting at them, killing one person. Ayala and his codefendants were apprehended shortly after

1

> the incident. Ayala admitted to the police that he brought a handgun to the race, that he and his codefendants planned to rob the owner of another vehicle, that he fired his gun while outside of his vehicle, that he may have been responsible for shooting the victim, and that he fired his gun out of the window of the car as he and his group fled the scene.

Order of Affirmance, Exhibit 122, p. 1 (ECF No. 16-2, p. 2). After a jury trial in Nevada's Eighth Judicial District Court (Clark County), Ayala was convicted of conspiracy to commit robbery, attempted robbery with the use of a deadly weapon, second-degree murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, assault with a deadly weapon, and discharging a firearm out of a motor vehicle. *See id.*; *see also* Judgment of Conviction, Exhibit 105 (ECF No. 15-10).

The Nevada Supreme Court affirmed the judgment of conviction on June 20, 2012. *See* Order of Affirmance, Exhibit 122 (ECF No. 16-2).

Ayala filed a post-conviction petition for writ of habeas corpus in the state district court on June 6, 2013. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 126 (ECF No. 16-6). The state district court held an evidentiary hearing (*see* Transcript of Evidentiary Hearing, Exhibit 135 (ECF No. 17-7)), and then denied Ayala's petition on January 27, 2016. *See* Order Denying Petition, Exhibit 136 (ECF No. 17-8). Ayala appealed, and the Nevada Supreme Court affirmed on May 9, 2017. *See* Order of Affirmance, Exhibit 150 (ECF No. 18-3). The Nevada Supreme Court's remittitur was issued on June 5, 2017. *See* Remittitur, Exhibit 152 (ECF No. 18-5).

Ayala submitted his original *pro se* federal habeas corpus petition for filing, initiating this action, on July 31, 2017 (ECF No. 1-1).

Counsel was appointed for Ayala, and, with counsel, he filed a first amended habeas petition on September 15, 2017 (ECF No. 8), and a second amended habeas petition on January 23, 2018 (ECF No. 23). Ayala's second amended petition includes the following claims:

> Ground 1: Ayala's federal constitutional rights were violated as a result of "the state district court's failure to dismiss the tainted jury pool." Second Amended Petition (ECF No. 23), pp. 7-11.

Ground 2: Ayala's federal constitutional rights were violated because of "the state district court's denial of Ayala's *Batson* challenge to the State's striking of two African Americans from the jury pool." *Id.* at 11-12.

Ground 3: Ayala's federal constitutional rights were violated because of "the state district court's denial of the motion to sever the trial of the defendants." *Id.* at 13-14.

Ground 4: Ayala's federal constitutional rights were violated because of prosecutorial misconduct. *Id.* at 14-16.

Ground 5: Ayala's federal constitutional rights were violated because "the jury was not properly instructed on the elements of second degree felony murder." *Id.* at 17-20.

Ground 6: Ayala's federal constitutional rights were violated as a result of ineffective assistance of counsel, because his trial counsel failed "to file a motion to suppress [his] statements to the police." *Id.* at 21-23.

Ground 7: Ayala's federal constitutional rights were violated as a result of ineffective assistance of counsel, because his trial counsel failed "to consult and hire an expert to challenge the toolmark identification evidence." *Id.* at 24-25.

Ground 8: Ayala's federal constitutional rights were violated because his trial counsel was ineffective for "conceding Ayala's guilt." *Id.* at 25-27.

Ground 9: Ayala's federal constitutional rights were violated because his trial counsel was ineffective "for failing to raise a claim of self defense." *Id.* at 27-28.

Ground 10: Ayala's federal constitutional rights were violated because his "trial counsel was ineffective for failing to file a motion to sever his case from that of his co-defendants." *Id.* at 28-30.

Ground 11: Ayala's federal constitutional rights were violated because his "trial counsel was ineffective for failing to investigate key defense witness Angela Soloranzo." *Id.* at 30-31.

Ground 12: Ayala's federal constitutional rights were violated because his "trial counsel was ineffective for failing to introduce shell casings later found at the crime scene." *Id.* at 31.

Ground 13: Ayala's federal constitutional rights were violated because "trial counsel was ineffective for failing to object to testimony concerning uncharged bad acts." *Id.* at 32-33.

Ground 14: Ayala's federal constitutional rights were violated because "appellate counsel was ineffective for failing to properly brief an issue of prosecutorial misconduct arising from the State's improper use of the term "gangsta." *Id.* at 34-35.

Ground 15: Ayala's federal constitutional rights were violated because "appellate counsel was ineffective for failing to raise the claim that Ayala's sentence was cruel and unusual punishment." *Id.* at 36-37.

Ground 16: Ayala's federal constitutional rights were violated because "appellate counsel was ineffective for failing to raise the claim that the trial court violated Ayala's right to due process when it improperly canvassed Ayala about trial counsel's concession of guilt." *Id.* at 37-38.

Ground 17: "The cumulative error of trial and appellate counsel's ineffectiveness" violated Ayala's federal constitutional rights. *Id.* at 38-39.

On March 26, 2018, Respondents filed a motion to dismiss (ECF No. 25), arguing that Ground 7 of Ayala's second amended petition is barred by the statute of limitations and unexhausted in state court. On May 23, 2018, Ayala filed an opposition to the motion to dismiss (ECF No. 27), and on May 25, 2018, Respondents filed a reply (ECF No. 28).

Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, established a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences; the statue provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The AEDPA statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. *See* 28 U.S.C. § 2244(d)(2).

A habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

Ayala's conviction became final, for purposes of the statute of limitations analysis, on September 18, 2012, which was ninety days after the Nevada Supreme Court ruled on his direct appeal. *See* Order of Affirmance, Exhibit 122 (ECF No. 16-2).

Ayala initiated his state habeas action 261 days later, on June 6, 2013, tolling the statute of limitations under 28 U.S.C. § 2244(d)(2). *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 126 (ECF No. 16-6). Ayala's state habeas action concluded, and the tolling ended, on June 5, 2017, when the Nevada Supreme Court issued its remittitur after affirming the denial of his state habeas petition. *See* Remittitur, Exhibit 152 (ECF No. 18-5).

The remaining 104 days of the limitations period ran out on September 17, 2017. Ayala's original petition in this case (ECF No. 1-1), submitted for filing on July 31, 2017, and his first amended petition (ECF No. 8), filed September 15, 2017, were filed before that date, and were timely filed. Ayala's second amended petition (ECF No. 23), filed January 23, 2018, was filed after the expiration of the limitations period.

Therefore, the question whether the claims in Ayala's second amended petition are barred by the statute of limitations turns on the determination whether those claims relate back to his original petition or first amended petition.

In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order," but "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650, 664.

Respondents' contend that Ground 7 in Ayala's second amended petition does not relate back to any claim in Ayala's original or first amended petition. *See* Motion to Dismiss (ECF No. 25), p. 12. In Ground 7, Ayala claims that his federal constitutional rights were violated as a result of ineffective assistance of counsel, because his trial counsel failed "to consult and hire an expert to challenge the toolmark identification evidence." *See* Second Amended Petition (ECF No. 23), pp. 24-25.

In response, Ayala argues that Ground 7 relates back to Grounds 6C, 6D and 6F of his first amended petition. *See* Opposition to Motion to Dismiss (ECF No. 27), pp. 5-6. Ground 6C of Ayala's first amended petition was a claim that his trial counsel was ineffective for not asserting that he acted in self-defense. *See* First Amended Petition (ECF No. 8), pp. 41-42. Ground 6D of Ayala's first amended petition was a claim that his trial counsel was ineffective for not moving to sever his case from that of his co-defendants. *See id.* at 42-44. Ground 6F of Ayala's first amended petition was a claim that his trial counsel was ineffective for failing to introduce into evidence shell casings found at the crime scene, because "[t]he presence of shell casings supports what could have been a self-defense theory, and certainly for example meets the 'some' evidence standard to have received a jury instruction concerning self-defense." *See Id.* at 45-46. There is nothing alleged in any of those claims regarding the State's toolmark evidence. There is no mention in any of those claims of Ayala's counsel's failure to hire a toolmark expert. And, even more generally, there is no allegation in those claims that Ayala's trial counsel should have challenged the notion that Ayala, rather than either of his co-defendants, fired the fatal shot; the gist of Grounds 6C, 6D and 6F of Ayala's first amended petition was that Ayala's trial counsel should have pursued a self-defense theory. Ground 7 of Ayala's second amended petition does not share a common core of operative fact with Grounds 6C, 6D and 6F of his first amended petition, and, therefore, does not relate back to those claims. As Ground 7 does not relate back to Ayala's original or first amended petition, it is barred by the statute of limitations, and it will be dismissed on that ground.

1 | The Court need not reach, and declines to reach, the question whether Ground 7 is unexhausted in state court or procedurally defaulted.

**IT IS THEREFORE HEREBY ORDERED** that Respondents' Motion to Partially Dismiss Second Amended Petition for Writ of Habeas Corpus (ECF No. 25) is **GRANTED**. Ground 7 of Petitioner's second amended habeas petition (ECF No. 23) is **DISMISSED**.

**IT IS FURTHER ORDERED** that Respondents shall, within 90 days from the date of this order, file an answer, responding to the remaining claims in Petitioner's second amended habeas petition. In all other respects, the schedule for further proceedings set forth in the order entered October 25, 2017 (ECF No. 21) remains in effect.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court is directed to substitute Brian E. Williams, Sr., for Jo Gentry, on the docket for this case, as the respondent warden.

DATED THIS 15th day of Janaury, 2019.

_____
RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE