UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

OMAR AYALA,

    Petitioner,
    v.

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

Case No. 2:17-cv-02093-RFB-VCF

**ORDER GRANTING MOTION FOR LEAVE TO AMEND (ECF No. 32)**

In this habeas corpus action, brought pursuant to 28 U.S.C. § 2254 by Omar Ayala, a Nevada prisoner, Ayala, represented by counsel, filed a first amended habeas petition on September 15, 2017 (ECF No. 8) and a second amended petition on January 23, 2018 (ECF No. 23). Respondents then filed a motion to dismiss one of Ayala's claims, and the Court granted that motion on January 15, 2019 (ECF No. 29) and dismissed Ground 7 of Ayala's second amended petition.

On May 9, 2019, Ayala filed a motion for leave to amend (ECF No. 32), seeking leave to file a third amended petition. Respondents filed an opposition to that motion on May 23, 2019 (ECF No. 34), and Ayala replied on May 30, 2019 (ECF No. 35).

In the motion for leave to amend, Ayala explains that his third amended petition, a copy of which he has filed as an exhibit to the motion (ECF No. 32-1), would set forth a new claim, Ground 18, based on *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), which Ayala contends established a new rule of federal constitutional law. Respondents argue that the new claim would be futile.

Ayala states that he has filed a petition for writ of habeas corpus in state court, to exhaust his new claim, and, if leave to amend is granted here, he will move for a stay of

1

this action pending resolution of his state habeas action. *See* Reply in Support of Motion for Leave to Amend (ECF No. 35), p. 6.

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. A petitioner may amend his habeas petition at any time with leave of court. *See* Fed. R. Civ. P. 15(2). "The court should freely give leave when justice so requires." *Id.* Whether to grant leave to amend rests in the sound discretion of the court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993)). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Courts commonly consider four factors – the so-called *Foman* factors – when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Prejudice to the opposing party is the most important of these factors. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd.*, 833 F.2d at 187.

Respondents do not make any showing of bad faith or undue delay on the part of Ayala, nor of unfair prejudice to Respondents if Ayala files his third amended petition. Respondents argue that the amendment would be futile; the Court finds, however, that the issues raised by Respondents in that regard will be better resolved upon a motion to dismiss, or upon briefing of the merits of the new claim, and that there is no showing of futility such as to preclude the amendment requested by Ayala. The Court will grant the motion for leave to file the third amended petition and will entertain Ayala's motion for stay.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to File Third Amended Petition for Writ of Habeas Corpus (ECF No. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to separately file the Third Amended Petition for Writ of Habeas Corpus (now filed at ECF No. 32-1).

**IT IS FURTHER ORDERED** that Petitioner will have 30 days from the date of this order to file a motion for stay, Respondents will then have 30 days to respond to that motion, and Petitioner will then have 20 days to file a reply.

DATED THIS 9th day of August, 2019.

RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE