# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

OMAR AYALA,

    Petitioner,

    v.

JO GENTRY, *et al.*,

    Respondents.

Case No. 2:17-cv-02093-RFB-VCF

**ORDER GRANTING MOTION TO STAY AND ABEY PROCEEDINGS (ECF NO. 38)**

This action is a petition for writ of habeas corpus by Omar Ayala, a Nevada prisoner. The Court appointed counsel for Ayala (ECF No. 4). With Counsel, Ayala filed a Third Amended Petition for Writ of Habeas Corpus on August 9, 2019 (ECF No. 37).

On August 21, 2019, Ayala filed a motion for a stay of this action (ECF No. 38). In the motion for stay, Ayala concedes that, as set forth in his third amended habeas petition, at least one of his claims – Ground 18 – is unexhausted in state court. Ayala states that that claim is based on a new rule of constitutional law, and he seeks a stay of this action to allow him to exhaust the claim in state court before proceeding here. Ayala states that on May 9, 2019, he filed a new habeas action in the state district court, in order to exhaust the unexhausted claim.

On September 18, 2019, Respondents filed a notice of non-opposition to the motion for stay (ECF No. 39).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \* \* \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

The Court finds that Ayala has satisfied the standard under *Rhines*, warranting a stay of this action, and the Court will grant his motion for stay and stay the action pending the completion of his state-court proceedings. In reaching this conclusion, the Court takes into consideration Respondents' non-opposition to the motion for stay. *See* Non-Opposition to Petitioner's Motion to Stay Case and Abey Proceedings (ECF No. 39).

The Court's intention is that this will be the last time that the Court imposes a stay to facilitate Ayala's exhaustion of claims in state court. Ayala must exhaust all his unexhausted claims in state court during the stay imposed by this order.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Stay and Abey Proceedings (ECF No. 38) is **GRANTED**. This action is stayed, while the petitioner exhausts, in state court, his unexhausted claims for habeas corpus relief. The Clerk of the Court is directed to administratively close this case during the stay.

**IT IS FURTHER ORDERED** that following the conclusion of Petitioner's state-court proceedings, Petitioner must, within 30 days, make a motion to lift the stay of this action.

**IT IS FURTHER ORDERED** that this action will be subject to dismissal, upon a motion by Respondents, if Petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed by this order.

DATED this 24th day of September, 2019.

_____
RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE