UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| OMAR AYALA, | Case No. 2:17-cv-02093-RFB-VCF |
|---|---|
| Petitioner, | |
| v. | **ORDER** |
| BRIAN E. WILLIAMS, SR., *et al.*, | |
| Respondents. | |

## I.  Introduction

This action is a petition for writ of habeas corpus by Nevada prisoner Omar Ayala. The respondents have filed a motion to dismiss Ayala's fourth amended habeas petition on the ground that all Ayala's claims are barred by the statute of limitations and on the ground that one claim, Ground 18, is procedurally defaulted. The Court will grant the motion to dismiss in part. The Court will dismiss Ground 18 as barred by the procedural default doctrine. The Court will deny the motion to dismiss in all other respects. The Court will set a schedule for the respondents to file an answer.

## II.  Background

In its order on Ayala's direct appeal, the Nevada Supreme Court described the factual background of this case as follows:

> Appellant Omar Ayala and his codefendants Angel Perez and Francisco Cruz attended an illegal street race and attempted to rob a car belonging to another group of men, then started shooting at them, killing one person. Ayala and his codefendants were apprehended shortly after the incident. Ayala admitted to the police that he brought a handgun to the race, that he and his codefendants planned to rob the owner of another vehicle, that he fired his gun while outside of his vehicle, that he may have been responsible for shooting the victim, and that he fired his gun out of the window of the car as he and his group fled the scene.

Order of Affirmance, Exh. 122, p. 1 (ECF No. 16-2, p. 2). After a jury trial in Nevada's Eighth Judicial District Court (Clark County), Ayala was convicted of conspiracy to commit robbery, attempted robbery with the use of a deadly weapon, second-degree murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, assault with a deadly weapon, and discharging a firearm out of a motor vehicle. See id.; see also Judgment of Conviction, Exh. 105 (ECF No. 15-10).

The Nevada Supreme Court affirmed the judgment of conviction on June 20, 2012. See Order of Affirmance, Exh. 122 (ECF No. 16-2).

Ayala filed a post-conviction petition for writ of habeas corpus in the state district court on June 6, 2013. See Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 126 (ECF No. 16-6). The state district court held an evidentiary hearing (see Transcript of Evidentiary Hearing, Exh. 135 (ECF No. 17-7)), and then denied Ayala's petition on January 27, 2016. See Order Denying Petition, Exh. 136 (ECF No. 17-8). Ayala appealed, and the Nevada Supreme Court affirmed on May 9, 2017. See Order of Affirmance, Exh. 150 (ECF No. 18-3). The Nevada Supreme Court's remittitur was issued on June 5, 2017. See Remittitur, Exh. 152 (ECF No. 18-5).

Ayala submitted his original pro se federal habeas corpus petition for filing, initiating this action, on July 31, 2017 (ECF No. 1-1). Counsel was appointed for Ayala, and, with counsel, he filed a first amended habeas petition on September 15, 2017 (ECF No. 8), and a second amended habeas petition on January 23, 2018 (ECF No. 23).

Respondents filed a motion to dismiss on March 26, 2018 (ECF No. 25), arguing that Ground 7 of Ayala's second amended petition was barred by the statute of limitations and unexhausted in state court. The Court granted that motion on January 15, 2019, and ordered Ground 7 of Ayala's second amended petition dismissed (ECF No. 29).

On May 9, 2019, Ayala filed a motion for leave to file a third amended petition (ECF No. 32); his proposed third amended petition was attached to the motion (ECF No. 32-1). The Court granted that motion on August 9, 2019 (ECF No. 36), and Ayala's third amended petition was filed on that date (ECF No. 37).

Ayala then filed a motion requesting that this action be stayed while he exhausted in state court the new claim added in his third amended petition, what is now Ground 18 (ECF No. 38). The respondents filed a notice indicating that they did not oppose the motion for stay (ECF No. 39), and the Court granted the motion and stayed the case on September 24, 2019 (ECF No. 40).

Ayala initiated a second state habeas action on May 9, 2019. See Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 158 (ECF No. 55-1). The state district court ruled the one claim in that petition (Ground 18 in this case) procedurally barred and denied it on that ground. See Findings of Fact, Conclusions of Law and Order, Exh. 163 (ECF No. 55-6). The Nevada Supreme Court affirmed on January 15, 2021. See Order of Affirmance, Exh. 156 (ECF No. 47-3). The stay of this case was lifted on April 13, 2021 (ECF No. 45).

Ayala then filed a fourth amended habeas petition—now his operative petition—on May 13, 2021 (ECF No. 46). Ayala's fourth amended petition includes the following claims:

> Ground 1: Ayala's federal constitutional rights were violated as a result of "[t]he state district court's failure to dismiss the tainted jury pool." Fourth Amended Petition (ECF No. 46), pp. 8–13.
>
> Ground 2: Ayala's federal constitutional rights were violated because of "[t]he state district court's denial of Ayala's Batson challenge to the State's striking of two African Americans from the jury pool." Id. at 13–14.
>
> Ground 3: Ayala's federal constitutional rights were violated because of "[t]he state district court's denial of the motion to sever the trial of the defendants." Id. at 15–16.
>
> Ground 4: Ayala's federal constitutional rights were violated because of prosecutorial misconduct. Id. at 16–19.
>
> Ground 5: Ayala's federal constitutional rights were violated because "the jury was not properly instructed on the elements of second degree murder." Id. at 19–24.
>
> Ground 6: Ayala's federal constitutional rights were violated as a result of ineffective assistance of counsel, because his trial counsel failed "to file a motion to suppress [his] statements to police." Id. at 24–27.
>
> [There is no Ground 7, likely reflecting the dismissal of that claim upon the respondents' motion to dismiss Ayala's second amended petition.]

> Ground 8: Ayala's federal constitutional rights were violated because his trial counsel was ineffective for "conceding Ayala's guilt." Id. at 27–29.
>
> Ground 9: Ayala's federal constitutional rights were violated because his trial counsel was ineffective "for failing to raise a claim of self defense." Id. at 29–31.
>
> Ground 10: Ayala's federal constitutional rights were violated because his "[t]rial counsel was ineffective for failing to file a motion to sever his case from that of his co-defendants." Id. at 31–32.
>
> Ground 11: Ayala's federal constitutional rights were violated because his "[t]rial counsel was ineffective for failing to investigate key defense witness Angela Soloranzo." Id. at 33–34.
>
> Ground 12: Ayala's federal constitutional rights were violated because his "[t]rial counsel was ineffective for failing to introduce shell casings later found at the crime scene." Id. at 34–35.
>
> Ground 13: Ayala's federal constitutional rights were violated because his "[t]rial counsel was ineffective for failing to object to testimony concerning uncharged bad acts." Id. at 35–37.
>
> Ground 14: Ayala's federal constitutional rights were violated because his "[a]ppellate counsel was ineffective for failing to properly brief an issue of prosecutorial misconduct arising from the State's improper use of the term "gangsta." Id. at 37–39.
>
> Ground 15: Ayala's federal constitutional rights were violated because his "[a]ppellate counsel was ineffective for failing to raise the claim that Ayala's sentence was cruel and unusual." Id. at 39–40.
>
> Ground 16: Ayala's federal constitutional rights were violated because his "[a]ppellate counsel was ineffective for failing to raise the claim that the trial court violated Ayala's right to due process when it improperly canvassed Ayala about trial counsel's concession of guilt." Id. at 40–42.
>
> Ground 17: "The cumulative error of trial and appellate counsel's ineffectiveness" violated Ayala's federal constitutional rights. Id. at 42–43.
>
> Ground 18: "Ayala's waiver of his fundamental right to secured autonomy to decide whether to concede charges to the jury was not knowing, intelligent, or voluntary," in violation of his federal constitutional rights. Id. at 43–45.

Respondents filed a motion to dismiss on October 11, 2021 (ECF No. 54 (errata at ECF No. 56)), requesting dismissal of Ayala's fourth amended petition on the ground that all the claims in it are barred by the statute of limitations and on the ground that Ground 18 is procedurally defaulted. The parties have fully briefed that motion (ECF Nos. 57, 60).

### III. Discussion

#### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, established a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences; the statue provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). The AEDPA statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. See 28 U.S.C. § 2244(d)(2).

Ayala's conviction became final, for purposes of the statute of limitations, on September 18, 2012, which was ninety days after the Nevada Supreme Court ruled on his direct appeal. See Order of Affirmance, Exh. 122 (ECF No. 16-2). Ayala initiated his state habeas action 261 days later, on June 6, 2013, tolling the statute of limitations under 28 U.S.C. § 2244(d)(2). See Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 126 (ECF No. 16-6). Ayala's state habeas action concluded, and the tolling ended, on June 5, 2017, when the Nevada Supreme Court issued its remittitur after affirming the denial of his state habeas petition. See Remittitur, Exh. 152 (ECF No. 18-5). The remaining 104 days of the limitations period ran out on September 17, 2017. Ayala's

original federal habeas petition (ECF No. 1-1) was submitted for filing on July 31, 2017, and his first amended petition (ECF No. 8) was filed on September 15, 2017; those petitions were filed before the expiration of the limitations period. Ayala's second amended petition (ECF No. 23), filed January 23, 2018, his third amended petition (ECF No. 37), submitted for filing on May 9, 2019, and his fourth amended petition (ECF No. 46), filed on May 13, 2021, were filed after the expiration of the limitations period.

Therefore, the question whether the claims in Ayala's fourth amended petition are barred by the statute of limitations turns on whether those claims relate back to his original petition or his first amended petition. In Mayle v. Felix, 545 U.S. 644 (2005), the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order," but "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650, 664.

In their motion to dismiss and their reply in support of the motion, with regard to Grounds 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17, Respondents do no more than point out that Ayala's fourth amended petition was filed after the expiration of the AEDPA limitations period. See Motion to Dismiss (ECF No. 54), pp. 9–10; Reply (ECF No. 60), pp. 2–4. However, it has long been established that the AEDPA statute of limitations applies on a claim-by-claim basis. See Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012) ("Therefore, we hold that AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis."); see also Pace v. DiGuglielmo, 544 U.S. 408, 415–16 (2005). It is not a defense to any of Ayala's claims for Respondents to simply point out that his fourth amended petition was filed after the expiration of the limitations period. The question is whether any of Ayala's individual claims are barred by the statute of limitations, and that question encompasses the relation-back analysis regarding each individual claim. It takes only a brief reading of Ayala's first and fourth amended petitions to see that Grounds 1, 2, 3, 4, 5, 6, 8, 9, 10,

11, 12, 13, 14, 15, 16 and 17 of Ayala's fourth amended petition are based on practically identical facts as claims in his first amended petition, and it is beyond any reasonable dispute that these claims are not barred by the statute of limitations. Respondents make no argument—even in their reply in support of their motion—that these claims do not relate back to Ayala's first amended petition. Respondents are cautioned that the Court finds their assertion of the statute of limitations defense in response to these claims to border on the frivolous, and the Court observes that Respondents' position in this regard has caused a significant waste of resources for the parties and the Court.

### Ground 1

In Ground 1 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated as a result of "[t]he state district court's failure to dismiss the tainted jury pool." Fourth Amended Petition (ECF No. 46), pp. 8–13. This claim is based on the same facts as Ground 1 of Ayala's first amended petition. See First Amended Petition (ECF No. 8), pp. 14–20. Ground 1 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### Ground 2

In Ground 2 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated because of "[t]he state district court's denial of Ayala's Batson challenge to the State's striking of two African Americans from the jury pool." Fourth Amended Petition (ECF No. 46), pp. 13–14. This claim is based on the same facts as Ground 2 of Ayala's first amended petition. See First Amended Petition (ECF No. 8), pp. 20–22. Ground 2 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### Ground 3

In Ground 3 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated because of "[t]he state district court's denial of the motion to sever the trial of the defendants." Fourth Amended Petition (ECF No. 46), pp. 15–16. This claim is based on the same facts as Ground 3 of Ayala's first amended

petition. See First Amended Petition (ECF No. 8), pp. 22–24. Ground 3 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### Ground 4

In Ground 4 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated because of prosecutorial misconduct. Fourth Amended Petition (ECF No. 46), pp. 16–19. This claim is based on the same facts as Ground 4 of Ayala's first amended petition. See First Amended Petition (ECF No. 8), pp. 24–26. Ground 4 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### Ground 5

In Ground 5 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated because "the jury was not properly instructed on the elements of second degree murder." Fourth Amended Petition (ECF No. 46), pp. 19–24. This claim is based on the same facts as Ground 5 of Ayala's first amended petition. See First Amended Petition (ECF No. 8), pp. 26–30. Ground 5 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### Ground 6

In Ground 6 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated as a result of ineffective assistance of counsel, because his trial counsel failed "to file a motion to suppress [his] statements to police." Fourth Amended Petition (ECF No. 46), pp. 24–27. This claim is based on the same facts as Ground 6A of Ayala's first amended petition. See First Amended Petition (ECF No. 8), pp. 31–37. Ground 6 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### Ground 8

In Ground 8 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated because his trial counsel was ineffective for "conceding Ayala's guilt." Fourth Amended Petition (ECF No. 46), pp. 27–29. This claim is based on

the same facts as Ground 6B of Ayala's first amended petition. See First Amended Petition (ECF No. 8), pp. 37–41. Ground 8 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### Ground 9

In Ground 9 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated because his trial counsel was ineffective "for failing to raise a claim of self defense." Fourth Amended Petition (ECF No. 46), pp. 29–31. This claim is based on the same facts as Ground 6C of Ayala's first amended petition. See First Amended Petition (ECF No. 8), pp. 41–42. Ground 9 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### Ground 10

In Ground 10 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated because his "[t]rial counsel was ineffective for failing to file a motion to sever his case from that of his co-defendants." Fourth Amended Petition (ECF No. 46), pp. 31–32. This claim is based on the same facts as Ground 6D of Ayala's first amended petition. See First Amended Petition (ECF No. 8), pp. 42–44. Ground 10 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### Ground 11

In Ground 11 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated because his "[t]rial counsel was ineffective for failing to investigate key defense witness Angela Soloranzo." Fourth Amended Petition (ECF No. 46), pp. 33–34. This claim is based on the same facts as Ground 6E of Ayala's first amended petition. See First Amended Petition (ECF No. 8), pp. 44–45. Ground 11 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### Ground 12

In Ground 12 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated because his "[t]rial counsel was ineffective for failing to introduce shell casings later found at the crime scene." Fourth Amended Petition (ECF

No. 46), pp. 34–35. This claim is based on the same facts as Ground 6F of Ayala's first amended petition. See First Amended Petition (ECF No. 8), pp. 45–46. Ground 12 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### Ground 13

In Ground 13 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated because his "[t]rial counsel was ineffective for failing to object to testimony concerning uncharged bad acts." Fourth Amended Petition (ECF No. 46), pp. 35–37. This claim is based on the same facts as Ground 6G of Ayala's first amended petition. See First Amended Petition (ECF No. 8), pp. 47–49. Ground 13 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### Ground 14

In Ground 14 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated because his "[a]ppellate counsel was ineffective for failing to properly brief an issue of prosecutorial misconduct arising from the State's improper use of the term "gangsta." Fourth Amended Petition (ECF No. 46), pp. 37–39. This claim is based on the same facts as Ground 6H of Ayala's first amended petition. See First Amended Petition (ECF No. 8), pp. 49–51. Ground 14 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### Ground 15

In Ground 15 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated because his "[a]ppellate counsel was ineffective for failing to raise the claim that Ayala's sentence was cruel and unusual." Fourth Amended Petition (ECF No. 46), pp. 39–40. This claim is based on the same facts as Ground 6I of Ayala's first amended petition. See First Amended Petition (ECF No. 8), pp. 51–52. Ground 15 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

<u>Ground 16</u>

In Ground 16 of his fourth amended petition, Ayala claims that his federal constitutional rights were violated because his "[a]ppellate counsel was ineffective for failing to raise the claim that the trial court violated Ayala's right to due process when it improperly canvassed Ayala about trial counsel's concession of guilt." Fourth Amended Petition (ECF No. 46), pp. 40–42. This claim is based on the same facts as Ground 6J of Ayala's first amended petition. <u>See</u> First Amended Petition (ECF No. 8), pp. 53–54. Ground 16 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

<u>Ground 17</u>

In Ground 17 of his fourth amended petition, Ayala claims that "[t]he cumulative error of trial and appellate counsel's ineffectiveness" violated Ayala's federal constitutional rights. Fourth Amended Petition (ECF No. 46), pp. 42–43. This cumulative error claim is timely to the extent that underlying claims, to be considered cumulatively, are timely. As the Court finds none of Ayala's claims of ineffective assistance of counsel to be barred by the statute of limitations, this claim, as well, is not barred by the statute of limitations.

<u>Ground 18</u>

In Ground 18 of his fourth amended petition, Ayala claims that his "waiver of his fundamental right to secured autonomy to decide whether to concede charges to the jury was not knowing, intelligent, or voluntary," in violation of his federal constitutional rights. Fourth Amended Petition (ECF No. 46), pp. 43–45. The Court determines that the claim in Ground 18 is based on the same core operative facts as Ground 6B of Ayala's first amended petition. <u>See</u> First Amended Petition (ECF No. 8), pp. 37–41. Specifically, the Court notes that in Ground 6B of his first amended petition, Ayala asserted that he was not properly canvassed regarding his counsel's alleged concession of guilt. <u>See id</u>. Ground 18 relates back to Ayala's first amended petition and is not barred by the statute of limitations.

### B. Procedural Default – Ground 18

In Coleman v. Thompson, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. Coleman v. Thompson, 501 U.S. 722, 731–32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. Murray v. Carrier, 477 U.S. 478, 496 (1986).

Ayala asserted the claim that is Ground 18 in this case in his second state habeas action. See Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 158 (ECF No. 55-1). The state district court denied Ayala relief on the claim, ruling the claim procedurally barred. See Findings of Fact, Conclusions of Law and Order, Exh. 163 (ECF No. 55-6). Ayala appealed, and the Nevada Supreme Court affirmed, ruling as follows:

> Ayala filed the petition six years after remittitur issued on his direct appeal. Ayala v. State, Docket No. 55933 (Order of Affirmance, June 20, 2012). Thus, his petition was untimely filed. See NRS 34.726(1). The petition was also successive because he had previously litigated a postconviction petition for a writ of habeas corpus in which he asserted a similar claim for relief. See NRS 34.810(1)(b)(2); NRS 34.810(2); Ayala v. State, Docket No. 69877 (Order of Affirmance, May 9, 2017). Ayala's petition was procedurally barred absent a demonstration of good cause and actual prejudice. See NRS 34.726(1); NRS 34.810(3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. Hathaway v. State, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Further, as the State specifically pleaded laches, Ayala was required to overcome the presumption of prejudice to the State. See NRS 34.800(2).
>
> Ayala argues that the Supreme Court's recent decision in McCoy v. Louisiana, 138 S.Ct. 1500 (2018), provides good cause. He is mistaken, as McCoy is distinguishable. McCoy holds that an attorney may not concede a defendant's guilt where the defendant expressly objects or insists on

> maintaining his or her innocence. 138 S.Ct. at 1509. McCoy differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession. Id. (quoting Florida v. Nixon, 543 U.S. 175, 181 (2004)). Although McCoy noted that the decision to concede was similar in nature to other decisions reserved to a defendant, like "whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal," id. at 1508, McCoy does not require consent or a canvass. It only requires that counsel not pursue a concession strategy over a defendant's objection. Id. at 1509–10; see also Nixon, 543 U.S. at 186–92 (rejecting notion that concession strategy requires express consent or that it is the functional equivalent of a guilty plea). [Footnote: Notably, McCoy did not alter the holding in Nixon. McCoy, 138 S.Ct. at 1509.] Here, trial counsel admitted in opening statement and closing argument that Ayala committed either voluntary manslaughter or second-degree murder. Counsel, however, strenuously argued that Ayala lacked the requisite intent for first-degree murder. During a canvass after closing arguments, Ayala expressly consented to counsel's strategy. Ayala never opposed the concession and expressly consented during the canvass. Because McCoy is distinguishable, we need not resolve Ayala's argument that McCoy applies retroactively. Accordingly, Ayala has not shown that McCoy provides good cause.
>
> Ayala has further not demonstrated that the district court erred in determining the petition was barred by laches. The State sufficiently pleaded laches, and prejudice was presumed based on the more-than-five-year period from the decision on direct appeal. NRS 34.800(2). Ayala has not overcome the presumption of prejudice to the State. See NRS 34.800 (requiring a petitioner to demonstrate a fundamental miscarriage of justice when the State is prejudiced in its ability to conduct a retrial and lack of knowledge or exercise of reasonable diligence when the State is prejudiced in responding to the petition); see also Pellegrini v. State, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (recognizing that fundamental miscarriage of justice requires a showing of actual innocence).
>
> We conclude that the district court correctly applied the mandatory procedural bars and did not err in determining the petition was barred by laches. [Footnote omitted.] See State v. Eighth Judicial Dist. Court (Riker), 121 Nev. 225, 231, 233, 112 P.3d 1070, 1074, 1075 (2005).

Order of Affirmance, Exh. 156, pp. 1–3 (ECF No. 47-3, pp. 2–4).

Ayala argues that "the procedural default imposed by the Nevada Supreme Court is not based on independent state law grounds." Opposition to Motion to Dismiss (ECF No. 57), p. 3; see also id. at 13–17. Specifically, he argues:

> The Nevada Supreme Court's cause and prejudice analysis was not independent of federal law because it was based on the merits of Ayala's federal McCoy claim.

\* \* \*

> In its determination that Ayala had not demonstrated good cause in order to overcome the procedural default, the Court conducted a full analysis and interpretation of McCoy, federal law. The Court expressed in its opinion that Ayala had not established good cause and did so by evaluating Ayala's McCoy claim.
>
> * * *
>
> Because the merits of Ayala's McCoy claim are interwoven with the cause and prejudice analysis of whether Ayala could overcome the procedural default, the Nevada Supreme Court's decision did not rest on an adequate and independent state ground and therefore does not bar federal habeas review.

Id. at 15–17.

A state procedural bar is "independent" if the state court "explicitly invokes a state procedural bar rule as a separate basis for its decision." McKenna v. McDaniel, 65 F.3d 1483, 1488 (9th Cir. 1995). For the state-law ground to be "independent," it "must not be interwoven with federal law." See La Crosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001). "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting Ake v. Oklahoma, 470 U.S. 68, 75 (1985)).

However, the independence of a state court's application of a state procedural bar is not undermined by the state court's discussion of the merits of a federal claim only to demonstrate that the petitioner does not overcome the procedural bar by a showing of cause and prejudice. See Moran v. McDaniel, 80 F.3d 1261, 1269 (9th Cir. 1996). Ayala's argument fails for this reason. The Nevada Supreme Court explicitly invoked state procedural rules as the bases for its decision, and the court discussed the merits of Ayala's federal claim only to show that he did not show cause and prejudice such as to overcome the procedural bars. Ground 18 is procedurally defaulted, and Ayala does not make any showing to overcome the procedural default. Ground 18 will be dismissed on this ground.

## IV. Orders

**IT IS THEREFORE HEREBY ORDERED** that Respondents' Motion to Dismiss (ECF No. 54) is **GRANTED IN PART AND DENIED IN PART**. The Motion to Dismiss is granted with respect to Ground 18 of Petitioner's Fourth Amended Petition for Writ of Habeas Corpus (ECF No. 46). Ground 18 is dismissed. The Motion to Dismiss is denied in all other respects.

**IT IS FURTHER ORDERED** that Respondents will have 90 days from the date of this order to file an answer, responding to Petitioner's remaining claims. In all other respects, the schedule for further proceedings set forth in the scheduling order entered April 13, 2021 (ECF No. 45) will remain in effect.

DATED THIS 9th day of August, 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE